# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| JAIME SANCHEZ, | No. 4:19-CV-00627 |
|---|---|
| Petitioner, | (Judge Brann) |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## MEMORANDUM OPINION

### JULY 10, 2019

## I. BACKGROUND

Jaime Sanchez pled guilty to conspiracy to commit wire fraud and wire fraud affecting financial institution, in violation of 18 U.S.C. §§ 1341, 1343, 1349,[1] and was sentenced to 168 months' imprisonment.[2] The United States Court of Appeals for the Eleventh Circuit dismissed Sanchez's appeal as barred by an appellate waiver contained in the plea agreement.[3] Sanchez subsequently filed two 28 U.S.C. § 2255 motions, both of which were denied.[4]

---

[1] *United States v. Sanchez*, No. 0:14-CR-60256 (S.D. Fla., Docs. 1, 26, 43).

[2] *Id.* Docs. 43, 56.

[3] *Id.* Doc. 89.

[4] *Id.* Docs. 92, 95, 118, 119.

Sanchez has now filed a 28 U.S.C. § 2241 petition—his third before this Court[5]—in which he argues that his sentence was erroneously enhanced and his plea counsel was ineffective for, inter alia, failing to file a notice of appeal.[6] The Government has filed a response to the petition asserting that challenges to sentencing enhancements may not be brought in a § 2241 petition.[7]

## II. DISCUSSION

Sanchez challenges the validity of his criminal sentence, not its execution.[8] Although Sanchez brings this challenge in a § 2241 petition, "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences."[9] Thus, "a federal prisoner may resort to § 2241 only if he can establish that 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.'"[10]

---

[5] *See Sanchez v. United States*, No. 4:17-CV-2374, 2018 WL 1605592, at *1 (M.D. Pa. Apr. 3, 2018); *Sanchez v. United States*, No. 4:18-CV-2415, 2019 WL 1247532, at *1 (M.D. Pa. Jan. 22, 2019).

[6] Doc. 1.

[7] Doc. 6.

[8] "In order to challenge the execution of his sentence under § 2241, [Sanchez] would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." *Cardona v. Bledsoe*, 681 F.3d 533, 537 (3d Cir. 2012). Sanchez's challenge to the effectiveness of his counsel and to sentencing enhancements clearly does not meet this threshold.

[9] *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir. 2002).

[10] *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017) (quoting 28 U.S.C. § 2255(e)).

As the United States Court of Appeals for the Third Circuit has explained, "[a] § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."[11] "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."[12]

Accordingly,

> [The Third] Circuit permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a claim of actual innocence on the theory that he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. And second, the prisoner must be otherwise barred from challenging the legality of the conviction under § 2255. Stated differently, the prisoner has had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial § 2255 motion. What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued.[13]

---

[11] *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002).

[12] *Id.*

[13] *Bruce*, 868 F.3d at 180 (citations and internal quotation marks omitted).

The Savings Clause of § 2255 is jurisdictional; if a petitioner improperly challenges his federal conviction under § 2241 when the underlying claim does not fit within the Savings Clause, the petition must be dismissed.[14]

When evaluated under this standard, Sanchez's claim does not fit within the Savings Clause, and this Court therefore lacks jurisdiction to consider his § 2241 petition. First, although Sanchez claims actual innocence based on insufficiency of the indictment and failure to demonstrate an interstate nexus,[15] he does not assert that his conduct has "been rendered non-criminal by an intervening Supreme Court decision."[16] To the contrary, any actual-innocence-argument based on insufficiency of the allegations or factual proffer would have been available to Sanchez during his direct appeal or when he filed his first § 2255 motion. Furthermore, although Sanchez makes reference to the United States Supreme Court's decision *Garza v. Idaho*, 139 S. Ct. 738 (2019), as supporting his claims, that case involved an attorney's failure to file a notice of appeal despite explicit requests from the defendant to appeal the criminal judgment.[17] In contrast, Sanchez's attorney did file a notice of appeal on Sanchez's behalf[18] and, thus, *Garza* is not applicable here.[19]

---

[14] *See id.* at 183 (noting the jurisdictional nature of the Savings Clause inquiry).

[15] *See* Docs. 10, 12.

[16] *Bruce*, 868 F.3d at 180.

[17] *Garza*, 139 S. Ct. at 742.

[18] *United States v. Sanchez*, No. 0:14-CR-60256 (S.D. Fla., Doc. 46).

[19] Moreover, *Garza* did not render any conduct non-criminal, but instead clarified when an attorney's performance on appeal may be deemed ineffective.

4

Second, as this Court noted in dismissing Sanchez's previous § 2241 petitions, his assertions related to ineffective assistance of counsel or sentencing enhancements do not fit within the narrow exception afforded by the Savings Clause.[20] Finally, not only did Sanchez have an "earlier opportunity to challenge his conviction [and sentence],"[21] but he raised claims related to ineffective assistance of counsel, sentencing enhancements, and insufficiency of the allegations in his § 2255 motions.[22] Consequently, Sanchez may not pursue his claim in a § 2241 petition.

### III. CONCLUSION

Sanchez's claims do not fit within 28 U.S.C. § 2255(e)'s Savings Clause, and this Court therefore lacks jurisdiction over his petition. Sanchez's § 2241 petition must therefore be dismissed.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[20] *Sanchez*, No. 4:17-CV-2374, 2018 WL 1605592, at *1-2; *Sanchez*, No. 4:18-CV-2415, 2019 WL 1247532, at *2-4.

[21] *Bruce*, 868 F.3d at 180.

[22] *United States v. Sanchez*, No. 0:14-CR-60256 (S.D. Fla., Docs. 92, 118).